*In re* MARRIAGE OF ADELINE WESTERLUND, Petitioner-Appellant, and RICHARD WESTERLUND, Respondent-Appellee.

First District (3rd Division)   No. 1—88—0674

Opinion filed December 29, 1989.

James E. Land, of Calumet City, for appellant.

Gary M. Kurc, of Dolton, for appellee.

JUSTICE RIZZI delivered the opinion of the court:
Petitioner-appellant, Adeline Westerlund (Adeline), appeals from an order of the circuit court of Cook County which directed her to pay $2,000 of defendant-appellee Richard Westerlund's (Richard's) attorney fees. We affirm.

Adeline and Richard were married on September 21, 1963. One child was born to the marriage on December 22, 1966. Adeline filed her petition for dissolution of marriage on November 3, 1984, alleging that Richard was guilty of extreme and repeated mental cruelty.

At the bench trial conducted in 1987, the parties testified as follows with regard to their respective incomes and expenses. Richard testified that he was currently unemployed and had been since 1980. He further testified that his monthly income was a $331 government stipend, and that he borrowed $8,000 to finance a mobile home purchase. Richard testified that his monthly expenses included $300 for food, $100 for utilities, $50 for clothes, and $43 for personal expenses. He further testified that his outstanding medical bills totalled $3,074. Adeline testified that her gross income for the previous year was $16,500. In addition, an affidavit filed by Adeline in 1985 indicated that her net monthly income was $954, while her expenses totalled $860.

Following trial, the court entered a judgment for dissolution of marriage. The court ordered that the parties' marital property be divided as follows:

| Adeline | Item and Value | Richard |
|---|---|---|
| $29,500 | Marital Home—$59,000 | $29,500 |
| $13,452 | Joint Bank Account—$27,084 | $13,452 |
| $ 5,815.50 | IRA—$11,631 | $ 5,815.50 |
| $ 3,650 | IRA—$7,300 | $ 3,650 |
| $ 800 | Savings Account—$1,600 | $ 800 |
| as agreed | Household Furnishings | as agreed |
| all | 1983 Ford | none |

The court ordered that the marital home be sold and the proceeds divided equally after the payment of expenses. In addition, Adeline was awarded her $7,000 pension, and Richard his $4,000 pension. The court found that Adeline was entitled to the following nonmarital

property: one $39,052 savings account and one $16,691 savings account. Both parties were denied maintenance, and Adeline was ordered to pay Richard's $3,074 medical bill either by referral to her insurance company or in cash. The court also ordered each party to pay his or her own attorney fees.

Thereafter, Richard moved to modify the judgment and argued, *inter alia*, that the court improperly ruled on the issue of attorney fees without determining need and ability. Richard's attorney filed an amended petition and affidavit which included an itemized bill for his services, and a hearing was conducted. The court thereafter ordered that Adeline pay $2,000 of Richard's $4,082 legal bill. This appeal followed.

On appeal, Adeline argues that the trial court abused its discretion in ordering her to pay $2,000 of Richard's $4,082 legal bills. We disagree.

Section 503(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides that the trial court may order either party to pay a reasonable amount for attorney fees necessarily incurred by the other party in any proceeding under the Act. (Ill. Rev. Stat. 1987, ch. 40, par. 508(a)(3).) An award of attorney fees is justified where the spouse seeking relief demonstrates (1) financial inability to pay and (2) the ability of the other spouse to pay. (*In re Marriage of Ryan* (1985), 138 Ill. App. 3d 1077, 1082, 487 N.E.2d 61, 65.) Financial inability exists where the party seeking fees shows that payment would strip that person of his means of support and undermine his economic stability. (*In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955, 964, 511 N.E.2d 1157, 1163.) The trial court's decision will not be disturbed absent a clear abuse of discretion. *Ryan*, 138 Ill. App. 3d at 1082.

In the present case, Richard testified that his gross monthly income was $331, while his expenses were approximately $500 per month. In contrast, Adeline's written affidavit indicated that her net monthly income was $954 and her expenses $860. In addition, as a result of the court's distribution of marital and nonmarital property, after the judgment for dissolution of marriage was entered, Adeline had $69,195 while Richard had $15,052 in liquid assets. (These figures were calculated by the addition of the parties' share of their joint savings account, Adeline's nonmarital savings account, and the entire balance of the parties $1,600 savings account, which was awarded to Richard by the court's post-judgment modification.) Because Richard's expenses exceeded his income and his present liquid assets were likely to be used to offset the difference, we find that the trial court did not

err in finding that Richard was unable to pay all of his attorney fees. In addition, the record clearly demonstrates that Adeline possessed the ability to pay the $2,000 attorney fee award. We therefore conclude that the trial court did not abuse its discretion in ordering Adeline to pay $2,000 of Richard's attorney fees.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

FREEMAN, P.J., and CERDA, J., concur.